**Matthew B. Crane** (UTB# 13909)
Ford & Crane PLLC
6605 S. Redwood Rd., Suite 101
Salt Lake City, Utah 84123
Telephone: (801) 331-8668
Email: matthew.crane@fordcranelaw.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT,
## IN AND FOR THE CENTRAL DISTRICT OF UTAH

| | |
|---|---|
| PAMELA WHITNEY, | **COMPLAINT** |
| Plaintiff, | |
| vs. | Case No. 2:19-CV-103-TC |
| ORSON H GYGI COMPANY INCORPORATED, A Utah Corporation, WALLACE N. GYGI, As trustee of an unidentified trust, John Does I – X, XYZ Corporations and/or Limited Liability Companies I – X. | Judge Tena Campbell |
| Defendants. | |

Plaintiff Pamela Whitney, by and through her attorney Matthew B. Crane of Ford & Crane PLLC, hereby files complaint against Orson H Gygi Company Incorporated, a Utah corporation, Wallace N. Gygi, as trustee of an unidentified trust, John Does I – X, Corporations I – X and/or Limited Liability Companies I – X, and alleges as follows:

1

## INTRODUCTION

1.      This action seeks redress against Defendants in the form of declaratory relief and a permanent injunction to enjoin Defendants' unlawful violation of Title III of the Americans with Disabilities Act[1] (the "ADA" or the "Act"), along with attorney's fees and costs as allowed by the Act[2]. Defendants maintain illegal architectural barriers to access on its premises and have failed to make necessary modifications to allow persons with disabilities to fully enjoy the goods and services offered to the general public as required by the ADA[3].

2.      On July 21, 1990, the United States Department of Justice issued design standards to be implemented in the construction of new buildings (the "1991 Standard").  These regulations are titled as the ADA Standards for Accessible Design and are codified at 28 C.F.R. Part 36.  Appendix A to Part 36 contains the ADA Accessibility Guidelines (referred to herein as "ADAAG"), which are the technical requirements to which buildings constructed on or after January 26, 1991 but before September 15, 2010 must adhere to in order to comply with the ADA.

3.      Even if the non-conforming barriers were constructed prior to 1990, places of public accommodation must comply with the 1991 Standard if compliance is readily achievable.[4]

---

[1] 42 U.S.C. §12181, *et. seq.*
[2] 42 U.S.C. §12205.
[3] 42 U.S.C. §12182(a).
[4] 42 U.S.C. §12181(2)(A).

4.      On September 15, 2010, the Department of Justice revised the ADA Standards for Accessible Design and the ADAAG, which revisions are codified at 28 C.F.R. Part 36, subpart D and Part 1191 (the "2010 Standard").  The 2010 Standard applies to buildings constructed or altered in a relevant manner after March 15, 2012.  Buildings constructed or altered on or after September 15, 2010 but before March 15, 2012 must comply with either the 1991 or 2010 Standard.

5.      Any site that has undergone relevant renovations since March 2012 must fully comply with the 2010 Standard, rather than maintaining compliance with the 1991 Standard alone.[5]

6.      Title III of the ADA specifically governs barriers to access in places of public accommodation operated by private entities such as Defendants.

## PARTIES, JURISDICTION AND VENUE

7.      Plaintiff Pamela Whitney is a citizen and resident of the State of Utah.

8.      Plaintiff has been diagnosed with multiple sclerosis or "MS" which is an unpredictable, disabling disease of the central nervous system.

9.      As a result of MS, Plaintiff suffers from several common MS symptoms including cognitive impairments, pain and weakness on right side of her body, numbness in her hands, feet and legs, fatigue, burning and icy hot sensation on the bottom of her feet, tremors and

---

[5] 28 C.F.R. 36.406(a).

uncontrollable shaking in her hands and legs, depression, difficulty with ambulation, nerve pain

on the bottom of her feet and on the right side of her face.

      10.     Plaintiff currently receives federal disability benefits.

      11.     Because of Plaintiff's disability and impairments described above, she must use a

wheel chair for mobility.

      12.     Plaintiff has a permanent disability parking permit from the State of Utah.

      13.     Defendant Orson H Gygi Company Incorporated ("Orsron Gygi") is a Utah

corporation that owns the property located at 3480 S. 300 W. in in Salt Lake City, Utah (the

"North Parcel").

      14.     Wallace N. Gygi is trustee of an unidentified trust[6] (the "Gygi Trust"), which

owns the property located at 3500 S. 300 W. in Salt Lake City, Utah (the "South Parcel",

collectively referred to with the North Parcel as the "Premises").

      15.     Upon information and belief, Wallace N. Gygi is deceased.[7]

      16.     Upon information and belief, Defendants lease commercial space on the Premises

to other entities for operation of a retail culinary supply store, or operates the store outright.

      17.     The Premises is a "place of public accommodation" subject to the requirements of

Title III of the ADA.

      18.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, §2201

---

[6] A search of the Salt Lake County Recorder's records indicates Wallace N. Gygi as trustee but states "Trust Not Identified".

[7] A search of the Salt Lake Assessor's records indicates that tax notices are being sent to Wallace N. Gygi c/o Orson H Gygi Co Inc.

and 42 U.S.C. §12188.

19.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) as Plaintiff's claims arose in this district and Defendants' conduct business herein.

## FACTUAL ALLEGATIONS

20.    Plaintiff incorporates the foregoing paragraphs herein.

21.    Title III of the Americans with Disabilities Act expressly prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, privileges or accommodations by any person that owns, leases or operates any place of public accommodation.[8]

22.    Under the ADA, failure to remove architectural barriers to access by disabled persons, where readily achievable, constitutes discrimination.[9]

23.    Plaintiff Pamela Whitney lives with a permanent disability and must use a wheelchair for mobility.

24.    Defendants own the Premises and/or lease space or operate a business located at the Premises.  Defendants offer goods and services to the general public and the Premises is a place of public accommodation as defined by C.F.R. §36.104 and 42 U.S.C. §12181(7).

25.    Plaintiff has visited the Premises and has encountered barriers to access, which makes it impossible for her to fully enjoy the goods and services offered.

---

[8] 42 U.S.C. §12101.
[9] 42 U.S.C. §12181(2)(A).

26.     The architectural barriers to access on Defendants' Premises include, but are not limited to, the following:

27.     Accessible spaces lack signs with the International Symbol of Accessibility as required by ADAAG.[10]

28.     The Premises does not provide the number of accessible parking spaces required by ADAAG.[11]

29.     The curb ramp exceeds the maximum allowable slope under both standards of ADAAG of 1:12/8.33% (with slopes as high as 11.3%).[12]

30.     Accessible parking spaces and their access aisles have surface areas with slopes exceeding the 1:48/2.083% (2010) and 1:50/2% (1991) maximum allowed by ADAAG (with slopes as great as 12.3%).[13]

31.     The accessible route sidewalk to the accessible entrances includes sections which exceed the maximum allowable cross-slope of 1:50/2% (1991 Standard) and 1:48/2.0833% (2010 Standard) under ADAAG (with slopes as great as 3.6%).[14]

32.     Removal of the architectural barriers to access is readily achievable and could be completed by Defendants without significant difficulty or expense by re-surfacing parking

---

[10] 1991 Standard §4.6.4.; 2010 Standard §502.6.
[11] 1991 Standard §4.1.2; 2010 Standard § 208.2.
[12] 1991 Standard §4.7.2, 2010 Standard §§406.1, 406.2.
[13] 1991 Standard §4.6.3; 2010 Standard §502.4.
[14] 1991 Standard § 4.3.7; 2010 Standard §403.3.

spaces and assess aisle and replacing portions of the accessible route that have cross-slope problems or changes in level.

33.    No notice to Defendants is required under ADAAG as a result of Defendants' failure to cure the violations contained herein during the many decades since ADAAG's adoption.  Congress did not require disabled people to beg for access— the duty lies with the property owner and business to comply with the law.

34.    Plaintiff has visited the Premises to shop and has encountered the barriers described in this Complaint. Plaintiff plans to return to the Premises and will continue to encounter the barriers described in this Complaint if they are not remedied.

35.    The barriers to access on the Premises exclude persons with disabilities such as Plaintiff from full and equal enjoyment of the goods, services, privileges and accommodations offered by Defendants.

36.    As a result of Defendants' unlawful architecture and failure to remedy, Plaintiff and other disabled persons are subject to ongoing discrimination due to their disability, as well as embarrassment, distress, indignity and limitations to their personal freedom.

37.    Plaintiff's knowledge of the barriers described in this Complaint deterred Plaintiff's access to, or full use and enjoyment of the Premises.

38.    Plaintiff believes that the Premises has additional architectural barriers on the interior of the Premises that violate ADAAG and which would require additional inspection and access to the interior of the Premises, which barriers include but are not limited to problems with service counters and bathroom facilities and changes in level. Plaintiff lacks the technical

experience and ability to use measuring instruments herself and did not want to disrupt the

business operations at the Premises by having her counsel do so without permission from the

Defendants and so only exterior measurements were performed at the Premises that would not

alarm or interfere with other patrons of the Premises. Plaintiff experienced difficulty with the

areas described in this paragraph and therefore has a reasonable belief that they include

architectural barriers.

### FIRST CAUSE OF ACTION
### Injunction for Violation of Title III of the ADA

39.     Plaintiff incorporates the foregoing paragraphs herein.

40.     Title III of the Americans with Disabilities Act expressly prohibits discrimination

on the basis of disability in the full and equal enjoyment of the goods, services, privileges or

accommodations by any person owns, leases or operates any place of public accommodations.[15]

41.     Defendants own, lease and/or operate a place of public accommodation and are

subject to the requirements of Title III of the ADA[16].

42.     Under the ADA, failure to remove architectural barriers to access by disabled

persons, where readily achievable, constitutes discrimination.[17]

43.     The Department of Justice defined "readily achievable" as meaning "easily

accomplishable and able to be carried out without much difficulty or expense"[18].

---

[15] 42 U.S.C. §12101.
[16] 28 C.F.R. §36.104; 42 U.S.C. §12181(7).
[17] 42 U.S.C. §12181(2)(A).
[18] 28 C.F.R. 6.304(a).

44.     Defendants have engaged in discriminatory practices by: 1) failing to construct their facility in a way that is readily accessible to persons with disabilities, 2) failing to comply with ADA guidelines when remodeling facilities, 3) failing to remove architectural barriers to access, where removal is readily achievable and 4) operating their facility in a way which does not allow disabled persons to fully and equally the goods and services provided to the general public.

45.     Defendants have continued their discriminatory practices against persons with disabilities by refusing or otherwise failing to remove architectural barriers to access.

46.     Because of Defendants' unlawful conduct, Plaintiff and other disabled persons have been subjected to discrimination by being unable to fully and equally access the goods, services and facilities offered to the general public, to the fullest extent possible.  Plaintiff and other disabled persons continue to be irreparably harmed as the discrimination is ongoing.

47.     Plaintiff is entitled to a permanent injunction requiring Defendants to correct each violation of the ADA identified herein pursuant to 42 U.S.C. §12188(a).

48.     Plaintiff was required to retain counsel to pursue this action and is entitled to an award of reasonable attorney's fees and costs for bringing this suit, as specifically allowed by 42 U.S.C. §12205.

## SECOND CAUSE OF ACTION
### Declaratory Relief

49.     Plaintiff incorporates the foregoing paragraphs herein.

50.     Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201.

51.     Plaintiff requests declaratory judgment: 1) declaring an actual controversy between Plaintiff and Defendants with regard to each of Defendants' violations of the ADA, and 2) specifying Plaintiff's rights as a disabled person under the ADA as they pertain to Defendant's facility.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against the Defendant as follows:

A.      For a permanent injunction requiring Defendants to correct each violation of the ADA identified herein pursuant to 42 U.S.C. §12188(a) within a reasonable time but, in no event, greater than six (6) months;

B.      For an order of the Court: 1) declaring that there is an actual controversy between Plaintiff and Defendants with regard to each of Defendants' violations of the ADA, and 2) specifying Plaintiff's rights as a disabled person under the ADA as they pertain to Defendants' facility;

C.      For an award of Plaintiff's attorney's fees and costs of bringing this suit as authorized by the ADA at 42 U.S.C. §12205; and

D.      For any and all other relief the Court deems just and equitable.

DATED this 14th day of February, 2019

FORD & CRANE PLLC


/s/ Matthew B. Crane
Matthew B. Crane (UTB# 13909)
*Attorney for Plaintiff*